**DONG KAI LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5895–AG.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Shon Hastings, Assistant United States Attorney, Fargo, North Dakota, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dong Kai Lin petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Here, the BIA's determination that even assuming Lin's application was timely, she failed to demonstrate a well-founded fear of future persecution is determinative. The BIA noted that the country condition information in the record contradicted Lin's contention that she would be persecuted due to the birth of her United States citizen child. Lin claimed to fear persecution due to the birth of one child in the United States. However, Lin's submitted country condition evidence indicates that enforcement of the China family planning policy varies widely from region to region. State Department material states that the Chinese government employs various non-coercive methods of enforcing the policy, such as economic incentives, education, and propaganda. Finally, the Asylum Profile indicates that there is no national policy regarding children born in the United States, and that couples who have children beyond the limit in the United States are, at worst, fined upon return to China. The country condition material in the record thus indicates that Lin's fear of future persecution based on a child born in the United States is not objectively reasonable.

This Court has warned that where a State Department report:

> suggests that, in general, an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence.

*Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). Here, the BIA's conclusion that Lin's claim is contradicted by background material is substantially supported by the record as a whole. Because the BIA also considered her oral and written testimony and submitted documentary evidence, the contradiction between Lin's claim and current country condition information was a proper basis upon which to predicate a failure to establish eligibility finding.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).